UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BOUNCE EXCHANGE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| SPOUTABLE, LLC and CURSIVE LABS, | ) | |
| LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**BOUNCE EXCHANGE'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Bounce Exchange, Inc. ("Bounce Exchange"), by and through its attorneys, Fish & Richardson P.C., brings this complaint against defendants Spoutable, LLC and Cursive Labs, LLC (collectively, "Defendants" or "Spoutable"). In support thereof, Bounce Exchange respectfully alleges the following:

**THE PARTIES**

1. Bounce Exchange is a Delaware corporation with its principal place of business at 620 8th Avenue, Floor 21, New York, New York 10018.

2. Bounce Exchange is a software company that was co-founded in 2010 by young entrepreneurs Cole Sharp and Ryan Urban, and began operations in a business incubator at New York University Polytechnic. What began in 2010 as a company of just a few employees has

1

grown, through the research, development, dedication and hard work of the Bounce Exchange team, to a company in 2015 of over 120 employees and over 350 customers.

3.     Bounce Exchange pioneered proprietary software technology that enables retail website owners and other online publishers to retain visitors, direct them as to where to go next, and/or display them timely advertising, increasing Internet sales and revenues.   When an end-user visits the website of a Bounce Exchange client, Bounce Exchange's software is downloaded by the end-user's web browser and executes from the web-browser to perform its functionality.   The downloaded software monitors the end-user's activities, including mouse movements, and detects when the user will leave – or "bounce" off – the website.   The software includes various "triggers" that are based on such user activity and cause a "campaign"—such as an advertisement or other message—to be displayed to the end-user.   Depending upon the objective, a given campaign may encourage an end-user to stay on the current website, suggest where that user should go next, and/or display an advertisement.

4.     On information and belief, Defendant Spoutable, LLC was formed as a Delaware corporation in 2014 and has a principal place of business at 3051 Broadway, San Diego, California 92102.

5.     On information and belief, Defendant Cursive Labs, LLC was formed as a Delaware corporation in 2014 and has a principal place of business at 3051 Broadway, San Diego, California 92102.   On information and belief, Spoutable, LLC is a wholly-owned subsidiary of Cursive Labs, LLC, and part of Cursive Labs' stated "venture studio incubator model."   On information and belief, Cursive Labs, LLC and Spoutable, LLC are each managed and run by the

same group of executives, as seen, e.g., from their respective websites at http://www.cursivelabs.com/#team and http://www.spoutable.com/#team.

6.      Spoutable makes, uses, sells, and offers for sale software products and services that are remarkably similar to the proprietary technology developed years earlier by Bounce Exchange. On information and belief, when an end-user visits the website of a Spoutable client (e.g., a website owner or "publisher"), including the www.spoutable.com site itself, certain Spoutable software, including a JavaScript file called "spoutable.js," is downloaded by the end-user's web browser and executes from the web-browser to perform its functionality.    As Spoutable states on its website, Spoutable's software includes a so-called "Leaving Now" algorithm that "intelligently determines that your visitor is leaving." (See http://spoutable.com/publishers)

7.      Spoutable's so-called "Leaving Now" algorithm, just like Bounce Exchange's earlier-developed technology, determines when a user is exiting a page by tracking, among other things, mouse location, mouse movements and velocity of mouse movements. Spoutable confirms as much in the Standard Terms and Conditions it offers on its website to publishers:

> **1.3** As part of the Service, Spoutable determines when a user is exiting the Publisher's website. This is done by tracking mouse movements, including, but not limited to mouse location, mouse movements, and velocity of mouse movements. While Spoutable's technology is accurate in determining when a visitor is leaving, it is possible that Spoutable's service may occur when a visitor isn't leaving. In this event, Spoutable's service is easy to close so that the Publisher's visitor can resume navigating the Publisher's site quickly and easily.

(https://my.spoutable.com/publisher_terms)

8.      Spoutable's software products and services also include a so-called "Relevant Recommendation generator," which generates advertisement campaigns to "make suggestions on

3

where the user should go next around the web." (See, e.g., http://spoutable.com/publishers)   As

Spoutable confirms in its Standard Terms and Conditions to web publishers:

> **1.1** Spoutable partners with a network of online properties ("Publishers") and displays a user interface containing links to recommended content, websites and apps where such content is maintained (the "Service"). These recommendations are served when a visitor to a Publisher's website or app is in the process of exiting that website or app. Spoutable's proprietary technology and platform detects when a Publisher's visitor is leaving and serves recommendations of where to go next. Spoutable, in its sole discretion, determines what recommendations to serve on Publisher sites or apps but makes every effort to make these recommendations relevant and interesting for those visitors to the Publisher's website or app.

(https://my.spoutable.com/publisher_terms)

## JURISDICTION AND VENUE

9.      Bounce Exchange hereby restates and re-alleges the allegations set forth in paragraphs 1 through 8 above as if fully set forth herein.

10.     This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

11.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (jurisdiction over federal questions) and 28 U.S.C. § 1338(a) (jurisdiction over civil actions arising under any Act of Congress relating to patents).

12.     Personal jurisdiction is also proper in this Court and this judicial district under N.Y. Civ. Pract. L. R. § 302 because, upon information and belief, Defendants, among other things, conduct business in, and avail themselves of the laws of, the State of New York.   In addition, upon information and belief, Defendants through their own acts and/or through the acts of affiliated companies (acting as its agents or alter egos) make, use, offer to sell, sell (directly or through intermediaries), license and/or supply, in this District and elsewhere in the United States, software

products and services, through regular distribution channels, knowing such software products and services would be used, offered for sale and/or sold in this District by and to publishers, advertisers and end-users.   Bounce Exchange's causes of action arise directly from Defendants' business contacts and other activities in the State of New York and in this District.

13.     Upon information and belief, Defendants directly or through their subsidiaries or intermediaries, make, use, offer for sale, sell, advertise, make available and/or market and, at all relevant times have made, used, offered for sale, sold, advertised and made available and/or marketed software products and services within this District, e.g., through its website: www.spoutable.com, thereby infringing U.S. Patent No. 8,645,212 and U.S. Patent No 9,141,976. Defendants knowingly and repeatedly transmit computer files to customers in this District, e.g., through the www.spoutable.com website, and generate revenue for themselves and partner-publishers when end-users in this District click on advertisements presented on partner-publisher websites.   On information and belief, Defendants also have contracted with publishers located in this District to provide Defendants' software products and services through their websites.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 1400(b).

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,645,212**

15.     Bounce Exchange repeats and re-alleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

16.     On February 04, 2014, United States Patent No. 8,645,212 ("the '212 Patent") entitled "DETECTION OF EXIT BEHAVIOR OF AN INTERNET USER" was duly and properly issued by the United States Patent and Trademark Office.   A true and correct copy of the '212 Patent is attached to this Complaint as Exhibit A.

17.     Bounce Exchange is the assignee and owner of the right, title, and interest in and to the '212 Patent.

18.     On information and belief, Defendants have infringed and continue to infringe one or more claims of the '212 Patent in violation of 35 U.S.C. § 271(a) in the United States by making, using, offering to sell, or selling software products and services that infringe one or more claims of the '212 Patent, including, without limitation, claim 19, and that perform the steps of one or more claims of the '212 Patent, including, without limitation, claims 4, 5 and 9.  Defendants' infringing software products and services include, but are not limited to, the software platform offered on the Defendants' website at www.spoutable.com.

19.     On information and belief, Defendants knew of the '212 Patent, at least based on communications Defendants' executives had with Bounce Exchange executives about the '212 Patent prior to the filing of the Complaint; otherwise, Defendants were willfully blind in order not to become aware of the '212 Patent.   Defendants also have knowledge of the '212 Patent and the infringement of it as of the filing of this Complaint.

20.     On information and belief, Defendants also have infringed and continue to infringe one or more of the claims of the '212 Patent in violation of 35 U.S.C. § 271(b) and/or (c) in this judicial district and elsewhere in the United States by actively inducing others to infringe and/or contributing to the infringement.   Defendants actively market and sell their infringing software products and services to advertisers and publishers, knowing that such advertisers and publishers will use Defendants' products and services and make them available for download and subsequent infringing use by end-user visitors to publisher websites.   Defendants know that their software is

especially made for use in an infringement of the '212 Patent, and not suitable for substantial non-infringing use.

21.     On information and belief, Defendants have acted in concert with users of their infringing software products and services, such as publishers, advertisers and end-users located within this judicial district and elsewhere, to infringe the '212 Patent.  Defendants continue to knowingly induce infringement and possesses specific intent to encourage their users' infringement.

22.     Bounce Exchange has suffered irreparable harm as a result of Defendants' infringement of the '212 Patent and will continue to suffer irreparable harm unless Defendants are enjoined from infringing the '212 Patent.

23.     Bounce Exchange has suffered and will continue to suffer monetary damages as a result of Defendants' infringement of the '212 Patent.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,141,976

24.     Bounce Exchange repeats and re-alleges the allegations of paragraphs 1 through 23 as if fully set forth herein.

25.     On September 22, 2015, United States Patent No. 9,141,976 ("the '976 Patent") entitled "DETECTION OF EXIT BEHAVIOR OF AN INTERNET USER" was duly and properly issued by the United States Patent and Trademark Office.   A true and correct copy of the '976 Patent is attached to this Complaint as Exhibit B.

26.     Bounce Exchange is the assignee and owner of the right, title, and interest in and to the '976 Patent.

27.     On information and belief, Defendants have infringed and continue to infringe one or more claims of the '976 Patent in violation of 35 U.S.C. § 271(a) in the United States by making, using, offering to sell, or selling software products and services that infringe one or more claims of the '976 Patent, including, without limitation, claims 22 and 26, and that perform the steps of one or more claims of the '976 Patent, including, without limitation, claims 6, 8 and 12. Defendants' infringing software products and services include, but are not limited to, the software platform offered on the Defendants' website at www.spoutable.com.

28.     On information and belief, Defendants knew of the '976 Patent, at least based on communications Defendants' executives had with Bounce Exchange executives about the '976 Patent prior to the filing of the Complaint; otherwise, Defendants were willfully blind in order not to become aware of the '976 Patent.   Defendants also have knowledge of the '976 Patent and the infringement of it as of the filing of this Complaint.

29.     On information and belief, Defendants also have infringed and continue to infringe one or more of the claims of the '976 Patent in violation of 35 U.S.C. § 271(b) and/or (c) in this judicial district and elsewhere in the United States by actively inducing others to infringe and/or contributing to the infringement.   Defendants actively market and sell their infringing software products and services to advertisers and publishers, knowing that such advertisers and publishers will use Defendants' products and services and make them available for download and subsequent infringing use by end-user visitors to publisher websites.   Defendants know that their software is especially made for use in an infringement of the '976 Patent, and not suitable for substantial non-infringing use.

30.     On information and belief, Defendants have acted in concert with users of their infringing software products and services, such as publishers, advertisers and end-users located within this judicial district and elsewhere, to infringe the '976 Patent.  Defendants continue to knowingly induce infringement and possesses specific intent to encourage their users' infringement.

31.     Bounce Exchange has suffered irreparable harm as a result of Defendants' infringement of the '976 Patent and will continue to suffer irreparable harm unless Defendants are enjoined from infringing the '976 Patent.

32.     Bounce Exchange has suffered and will continue to suffer monetary damages as a result of Defendants' infringement of the '976 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request this Court:

a.  To enter a judgment in favor of Bounce Exchange that Defendants have infringed the '212 Patent and the '976 Patent in violation of 35 U.S.C. § 271(a), (b), and/or (c);

b.  To enter orders enjoining Defendants and their officers, agents, employees, and all persons in active concert or participation with any of the foregoing, from further infringement in violation of 35 U.S.C. § 271(a), (b), and/or (c);

c.  To award Bounce Exchange its damages in amounts sufficient to compensate it for Defendants' infringement, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

d.  To find Defendants' infringement willful and award treble the amount of damages and losses sustained by Bounce Exchange as a result of Defendants' infringement under 35 U.S.C. § 284;

e.  To declare this case to be exceptional under 35 U.S.C. § 285 and to award Bounce Exchange its attorneys' fees, expenses, and costs incurred in this action; and

f.  To award Bounce Exchange any and all other relief to which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Bounce Exchange respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Date:   November 25, 2015

By:   _/s/ Michael F. Autuoro_

Kristen McCallion (KM5593)
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile:   (212) 258-2291
Email: mccallion@fr.com

Michael F. Autuoro (MA2932)
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile:   (212) 258-2291
Email: autuoro@fr.com

*Attorneys for Plaintiff*
BOUNCE EXCHANGE, INC.